UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS C. HOWARD,<br>    Plaintiff,<br>        v.<br>STATE OF CALIFORNIA,<br>    Defendant. | Case No. 14-cv-05100-JD<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 2, 5 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. This case was transferred to this Court from the United States District Court for the District of Columbia.

## DISCUSSION

### I.   STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above
2   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4   face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"
5   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6   must be supported by factual allegations.  When there are well-pleaded factual allegations, a court
7   should assume their veracity and then determine whether they plausibly give rise to an entitlement
8   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

Plaintiff, a condemned prisoner, states that the California capital case appellate process is invalid and denies due process.  Plaintiff's direct appeal was denied in *People v. Howard*, 51 Cal. 4th 15 (2010), and he is currently seeking habeas relief in state court.  Plaintiff here seeks monetary damages and asks this Court to examine the current policies and practices of the state death penalty appeal process and determine whether they are in compliance with state and federal law.  Plaintiff names as defendants the governor and attorney general.  Plaintiff previously filed a case with similar allegations that was denied by the Court.  *Howard v. Brown*, N.D. Cal. Case No. C 13-3009 JD.

The Court notes that plaintiff's complaint is substantially similar to several "form" complaints filed by death row inmates that have been frequently dismissed.  *See Bolin v. State of California*, N. D. Cal. Case No. C 14-4087 PJH (dismissed for failure to state a claim and for *Younger* abstention and barred by *Heck*); *Theodore Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW (dismissed for failure to state a claim and affirmed on appeal); *Duff v. Brown*, N. D. Cal. Case No. C 12-529 EMC (dismissed for failure to state a claim and for *Younger* abstention); *Paul Bolin v. Brown*, N. D. Cal. Case No. C 12-637 PJH (transferred to Eastern District of California,

2

1  which ultimately dismissed complaint under *Younger* and *Heck*, and for failure to state a claim); *Richard Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS (dismissed for failure to state a claim and pursuant to *Younger* and *Heck*); *Carlos Avena v. Brown*, C. D. Cal. Case No. 12-cv-00485-UA-DUTY (denying in forma pauperis application because application was incomplete and the judicial officers had immunity from the suit); *Spencer Brasure v. Brown*, C. D. Cal. Case No. 12-CV-1027-UA-DUTY (denying in forma pauperis application because the court lacked jurisdiction; the complaint was frivolous, malicious or failed to state a claim; and the complaint sought monetary relief from a defendant immune from such relief).

As noted in plaintiff's prior case, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). The rationale of *Younger* also applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).

Plaintiff's state habeas petition is ongoing and plaintiff may file a federal habeas petition if he wishes. If plaintiff does not agree with the strategy of his attorneys, he should address those concerns with his attorneys and the courts where his cases are currently pending. To the extent plaintiff seeks the reversal of his conviction he must pursue that relief in a habeas petition pursuant to 28 U.S.C. § 2254, once the claims have been exhausted. [1]

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

---

[1] The Court notes that the California death penalty was recently declared unconstitutional in *Jones v. Chappell*, --- F.Supp.2d----, 2014 WL3567365 (C.D. Cal., July 16, 2014). However, that ruling in the District Court for the Central District of California was brought pursuant to 28 U.S.C. § 2254. This Court is not bound by that decision and no injunction was issued in that case as the relief only applied to that petitioner.

corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Plaintiff seeks money damages, and a judgment in his favor in this action would necessarily imply the invalidity of his conviction or sentence. *Id*. at 487. For all these reasons, this case is dismissed.

## CONCLUSION

1. The complaint is **DISMISSED** for failure to state a claim.

2. The motion to file additional exhibits (Docket No. 5) is **GRANTED** and the Court has considered the filing.

3. The motion to appoint counsel (Docket No. 3) is **DENIED** as this action is dismissed.

**IT IS SO ORDERED**.

Dated: December 29, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS C. HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant. | Case No.  14-cv-05100-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/29/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

DEMETRIUS C. HOWARD ID: CDC #C-92812,I.
San Quentin State Prison
San Quentin, CA 94974

Dated: 12/29/2014

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO